**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JASON BRYANT,

Plaintiff,

v.

ARRESTING OFFICER NUMBER 1, et al.,

Defendants.

1:26-CV-01731
(ECC/PJE)

---

**APPEARANCES:**

Jason Bryant
26-R-1818
Marcy Correctional Facility
P.O. Box 3600
Marcy, New York 13403
Plaintiff pro se

**PAUL J. EVANGELISTA**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION & ORDER**[1]

## I. Background

Plaintiff pro se Jason Bryant ("plaintiff") commenced this civil rights action by filing a complaint on September 14, 2026. *See generally* Dkt. No. 1. In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. Presently pending before the undersigned is plaintiff's motion for leave to proceed IFP. The undersigned has reviewed plaintiff's IFP

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

application and determines that he financially qualifies to proceed IFP.[2] Accordingly, the undersigned must review plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), §1915A.

## II. **Legal Standard**[3]

28 U.S.C. § 1915 provides that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).[4]

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). As the Second Circuit stated,

> our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

---

[2] Plaintiff is advised that although he has been granted IFP status, he is still required to pay any fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

[3] Unless otherwise noted, the Court has provided plaintiff with a copy of any unpublished cases cited within this Report-Recommendation & Order.

[4] A court's initial screening of a complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) does not preclude a later dismissal pursuant to Rule 12(b)(6)." *Tisdale v. Hartley*, 442 F. Supp. 3d 569, 572-73 (W.D.N.Y. 2020).

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Further, "pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[5] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994));[5] *see also* Fed. R. Civ. P. 8(a)(2) (providing that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "a short and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ."). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However,

[5] Hereafter, "Fed. R. Civ. P."

"[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

## III. **Initial Review**

### A. **Complaint**

Plaintiff claims that his Fourth, Fifth, and Fourteenth Amendments rights were violated. *See* Dkt. No. 1 at 5. On July 9, 2022, plaintiff was walking across the street when he was stopped by two police officers, the unnamed arresting officer defendants, and detained without a warrant. *See id.* at 4. Plaintiff alleges that he was patted down and told to remove his shoes. *See id.* He contends he "was arrested for Criminal Possession of a weapon" and was incarcerated at Albany County Jail for nine months and three weeks. *Id.* Plaintiff claims that on March 24, 2023, the case was dismissed and the record sealed. *See id.*

Plaintiff seeks "acknowledgement of police misconduct to be part of the arresting officers' [sic] records" and damages in the amount of $1,000,000. Dkt. No. 1 at 5.

### B. **Analysis**

"[I]n New York, the statute of limitations for Section 1983 claims is borrowed from New York's general statute of limitations for personal injury actions, which is three years" from when the plaintiff "knows or has reason to know" of the injury underlying the claim. *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002); *see also Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) (holding that the statute of limitations to bring a claim under 42 U.S.C. § 1983 is three years).

Plaintiff alleges that his rights were violated on July 9, 2022, when he was arrested and allegedly falsely imprisoned. *See* Dkt. No. 1 at 4. Plaintiff's § 1983 claims accrued at the time he was arraigned in 2022. *See Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 F. App'x 672, 675-76 (2d Cir. 2009) (summary order) (citing *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007)); *see also Butler v. Hesch*, 286 F. Supp. 3d 337, 352-55 (N.D.N.Y. 2018) (holding that the accrual date for a claim of false arrest and false imprisonment is the date of the arraignment, not the date of release). As such, plaintiff had until July 2025, to bring this § 1983 complaint. As plaintiff did not commence this action until September 14, 2026, his claims appear time barred. *See, e.g.*, *Williams v. Zuk*, No. 9:07-CV-789, 2009 WL 909520, at *2 (N.D.N.Y. Apr. 3, 2009) (citing *Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir. 1990)) (additional citations omitted) (holding that a § 1983 action brought by a pro se plaintiff one day after the expiration date is subject to dismissal).

"It is well settled that the federal courts have the power to toll statutes of limitations borrowed from state law in appropriate circumstances." *Meyer v. Frank*, 550 F.2d 726, 729 (2d Cir. 1977) (citations omitted). "Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 793 N.Y.S.2d 565, 568 (App. Div. 2005)). "A dismissal . . . based on the statute of limitations is especially appropriate where . . . the injuries . . . occurred . . . outside the applicable three-year limitations period, there are no applicable tolling provisions as a matter of law, and plaintiff has

alleged no facts indicating a continuous or ongoing violation of his constitutional rights." *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995). "To assert a continuing violation for statute of limitations purposes, the plaintiff must 'allege both the existence of an ongoing policy of . . . and some non-time-barred acts taken in the furtherance of that policy.'" *Shomo v. City of New York*, 579 F.3d 176, 182 (2d Cir. 2009) (citation omitted). "'Due diligence on the part of the plaintiff in bringing [an] action,' . . . is an essential element of equitable relief." *Abbas*, 480 F.3d at 642 (citation omitted); *see also Cherry v. Potter*, No. 04-CV-1578 (AKH), 2005 WL 1085119, at *3 (S.D.N.Y. May 5, 2005) (quoting *German v. Pena*, 88 F. Supp. 2d 216, 219-22 (S.D.N.Y. 2000)) ("Equitable tolling is available 'only when the plaintiff's failure to meet a deadline is the result of someone else's error.'"); *Crane v. Shulkin*, 293 F. Supp. 3d 352, 361 (W.D.N.Y. 2018).

Plaintiff acknowledges in his complaint that his claim against the arresting officers may be time barred. *See* Dkt. No. 1 at 4. Plaintiff cites the reason for his belated filing was his incarceration in Albany County "for unrelated charges." Dkt. No. 1-4 at 1. The Second Circuit has held that "the usual problems inherent in being incarcerated do not justify equitable tolling." *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003); *see, e.g.*, *Espinal v. United States*, No. 08-CR-242 (ARR), 2020 WL 264918, at *6 (E.D.N.Y. Jan. 17, 2020) (citing *Baldayaque*, 338 F.3d at 152) ("[The defendant] attribute[d] his delay to the fact that he is *pro se* and relying on the advice of 'jailhouse lawyers.' [The defendant's] circumstances reflect 'the usual problems inherent in being incarcerated' and, as such, 'do not justify equitable tolling.'"); *Stearns v. United States*, No. 6:20-CR-06065 (EAW), 2026 WL 2149328, at *4 (W.D.N.Y. July 27, 2026) (citing *Baldayaque*, 338 F.3d at 152) (holding that a defendant is not entitled

to equitable tolling due to "'severely limited legal access during . . . incarceration'"); *Amante v. Walker*, 268 F. Supp. 2d 154, 158 (E.D.N.Y. 2003) (citing *Lindo v. Lefever*, 193 F. Supp. 2d 659, 663 (E.D.N.Y. 2002)) ("Generally, transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not by themselves qualify as extraordinary circumstances."). As the complaint stands, plaintiff's claim is time-barred, and he has made no equitable tolling argument.

C. **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Romano v. Lisson*, 711 F. App'x 17, 19 (2d Cir. 2017) (summary order) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

However, it cannot be said that there is no possibility of plaintiff being able to amend his complaint to allege the existence of "extraordinary circumstances" preventing him from commencing this action in a timely manner. *See Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011) (citation and quotation marks omitted) ("Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the

circumstances."); *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (quotation omitted) ("We have applied equitable tolling only in 'rare and exceptional circumstances,' where we found that "extraordinary circumstances" prevented a party from timely performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'"); *Moses v. Westchester Cnty. Dep't of Corr.*, 739 F. App'x 66, 67 (2d Cir. 2018) (summary order).

Out of an abundance of caution and in recognition of plaintiff's pro se status, the undersigned recommends that plaintiff be afforded an opportunity to amend his complaint to allege facts supporting the existence of "extraordinary circumstances" that prevented him from timely commencing this action. *See Gonzalez*, 651 F.3d at 322; *Walker v. Jastremski*, 430 F.3d at 564 (2d Cir. 2005); *Moses*, 739 F. App'x at 67; *Boyd v. United States Gov't*, No. 1:25-CV-225 (DNH/MJK), 2025 WL 1249698, at *3 (N.D.N.Y. Apr. 30, 2025), *report and recommendation adopted*, No. 1:25-CV-0225, 2025 WL 1890326 (N.D.N.Y. July 9, 2025) (holding that the plaintiff pro se "be afforded leave to plead facts, to the extent they exist, that would support the court's application of . . . equitable tolling").

## IV. **Motion to Appoint Counsel**

In a separately filed motion, plaintiff seeks the appointment of counsel. *See generally* Dkt. No. 4. Plaintiff requests the assistance of counsel "[d]ue to [his] limited knowlege [sic] of the processes and rules." *Id.* at 1. For the reasons set forth below, that request is denied without prejudice and with leave to renew.

It is well settled that "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No.*

*1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Before evaluating a request for appointment of counsel, a party must demonstrate that he is unable to obtain counsel through the private sector or public interest firms. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). A motion for appointment of counsel, therefore, must be accompanied with proof of plaintiff's efforts to obtain counsel on her own from the public and private sectors.

Further, it is well-settled that there is no right to appointment of counsel in civil matters. *See Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). The factors to be assessed in reviewing a motion for counsel are well settled and include, "the merits of the plaintiff's case, the plaintiff's ability to pay for private counsel, the plaintiff's efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper*, 877 F.2d at 172. Of these, "[t]he factor which command[s] the most attention [is] the merits." *Id.*

In *Terminate Control Corp. v. Horowitz*, the Second Circuit stated:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge*, 802 F.2d at 61). Appointment of counsel must be made carefully to preserve the "precious commodity" of volunteer

lawyers for those litigants who truly need a lawyer's assistance. *Cooper*, 877 F.2d at 172-73.

> Accordingly, in deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue civil claims before it, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961), *cert. denied*, 370 U.S. 964, 82 S. Ct. 1592 (1962), courts should not grant such applications indiscriminately, but instead must exercise good judgment and restraint when doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172, 173-74 (2d Cir. 1989).

*Janneh v. Regal Entm't Grp.*, No. 3:07-CV-0079 (TJM/DEP), 2008 WL 11506720, at *1 (N.D.N.Y. May 21, 2008).

First, plaintiff has not made the threshold showing that he has expended any effort attempting to obtain legal counsel from the public and private sectors. *See Cooper*, 877 F.2d at 173-74 (citing *Hodge*, 802 F.2d at 61). Although he mentions contacting one attorney, he does not provide any copies or details surrounding any correspondence. *See* Dkt. No. 4 at 1.

Second, plaintiff's request for appointment of counsel is immature. It is too early for the undersigned to determine whether plaintiff's "position seems likely to be of substance." *Terminate Control Corp.*, 28 F.3d at 1341 (citation omitted). The undersigned has recommended dismissal of his complaint, and it has not yet been determined by the assigned District Judge whether any portion of his claims will be permitted to proceed. *See Eggsware v. United States Secret Serv.*, No. 1:21-CV-1029 (GTS/CFH), 2022 WL 675883, at *5 (N.D.N.Y. Feb. 7, 2022), *report and recommendation adopted*, No. 1:21-CV-1029 (GTS/CFH), 2022 WL 673818 (N.D.N.Y. Mar. 7, 2022). Before it can be decided whether to appoint counsel, there must be a

more developed record. *See id.*; *see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (noting that courts must assess the likelihood of merit on the underlying dispute in determining whether to appoint counsel). This Court is in the earliest stages of attempting to determine whether plaintiff will be able to present any claim "of substance." *Hendricks*, 114 F.3d at 392.

Lastly, plaintiff may prefer the assistance of counsel due to his lack of legal knowledge; however, this does not satisfy this Court's requirements for appointment of counsel. "Lack of knowledge of the law does not suffice to demonstrate that appointment of counsel would increase the likelihood of a just determination in this case." *Gray v. Fidelity Investment*, 1:20-CV-718 (DNH/CFH), 2020 WL 5942254, at *2 (N.D.N.Y. Oct. 6, 2020) (citing *Ballard v. United States*, 11 Civ. 7162 (JSR)(RLE), 2012 WL 3765022, at *1 (S.D.N.Y. Aug. 30, 2012) (denying appointment of counsel and stating that, "other than his general comment that he is 'completely unfamiliar with law,' the plaintiff "has not demonstrated any marked difficulties in presenting his case and fails to state why appointment of counsel would increase the likelihood of a just determination in this case")).

Because the undersigned has recommended dismissal of plaintiff's complaint, plaintiff's request for the appointment of counsel is denied without prejudice and with leave to renew.

## V. **Conclusion**

Wherefore, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED** in its entirety without prejudice and with opportunity to amend; and it is

**RECOMMENDED**, that plaintiff's motion to appoint counsel (Dkt. No. 4) be **DENIED** without prejudice; and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[6]

Dated: November 18, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

[6] If you are proceeding pro se and are served with this Report Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal federal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal federal holiday. *See id.* § 6(a)(1)(c).